## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CATHERINE BARBER (NOW RANDALL), | ) ) ) | |
| Plaintiff, | ) ) | Case No. __CIV-17-270-M_____ |
| v. | ) ) ) | State Case No. CJ-2016-5648 District Court of Oklahoma County |
| STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant State Farm Fire & Casualty Company ("State Farm") removes this action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. This action is removable because there is complete diversity of citizenship between Plaintiff Catherine Barber (now Randall) ("Plaintiff") and State Farm and because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. In support of this Notice of Removal, State Farm states as follows:

### Procedural History

1.     On November 2, 2016, Plaintiff filed a Petition against State Farm, commencing the civil action styled *Catherine Barber (now Randall) v. State Farm Fire & Casualty Company*, Case No. CJ-2016-5648, District Court of Oklahoma County, State of Oklahoma (the "State Court Action").

2.       A copy of the Summons and Petition were served on State Farm through the Oklahoma Insurance Commissioner on February 9, 2017.

3.       State Farm has thus filed this Notice of Removal within the 30-day period provided by 28 U.S.C. § 1446(b).

4.       Pursuant to 28 U.S.C. § 1446(a) and Local Rule LCvR 81.2, State Farm has attached as exhibits to this Notice of Removal true and legible copies of all documents filed or served in the State Court Action. A copy of the Docket Sheet from the State Court Action is attached as Exhibit 1. A copy of the Entry of Appearance of Donald R. Lindauer, II on behalf of Plaintiff is attached as Exhibit 2. A copy of the Entry of Appearance of Cathy C. Barnum on behalf of Plaintiff is attached as Exhibit 3. A copy of the Petition is attached as Exhibit 4. A copy of State Farm's Special Entry of Appearance and Reservation of Time to Answer is attached as Exhibit 5. At the time of filing this Notice of Removal there have been no other filings or proceedings in the State Court Action except those attached as Exhibits 2 through 5.

**Diversity of Citizenship**

5.       The Petition alleges that "[a]t all times pertinent hereto, Plaintiff was a resident of the City of Choctaw, County of Oklahoma, and a citizen of the State of Oklahoma." (Ex. 4, Pet., ¶ 2.)

6.       State Farm is and was at the time of filing the Petition a citizen of Illinois. *See* 28 U.S.C. § 1332(c) ("For the purposes of this section and section 1441 of this title…a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business….").

State Farm is a corporation incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois.

7.      Therefore, there is complete diversity of citizenship between Plaintiff and State Farm in accordance with 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

8.      In her Petition, Plaintiff seeks the following damages:

    a.  Actual damages for cost of repair to her property in excess of $10,000;
    b.  Unspecified damages due to past and future use of said property and earnings;
    c.  Unspecified damages due to past and future loss of earnings and wages;
    d.  Unspecified damages for emotional distress, pain, and suffering;
    e.  Punitive or exemplary damages; and
    f.  Applicable attorneys' fees (by statute or equity).

(Ex. 4, Pet. at 4.)[1]

9.      Plaintiff seeks contract damages of at least $10,000. (Ex. 4, Pet. at 4.) The policy limits of her Rental Dwelling Policy from State Farm are $153,000 for the dwelling; $15,300 for the dwelling extension; $7,650 for personal property; and the amount of actual loss for loss of rents. (Ex. 4, Pet., Ex. A.) Thus, the policy limits—and State Farm's potential contractual liability—may be $175,950, not including lost rents, which Plaintiff has alleged as an element of damages.

---

[1] State Farm notes that Plaintiff's Petition violates the Oklahoma Pleading Code, which requires a plaintiff to plead whether or not the damages sought are in excess of the amount required for federal diversity jurisdiction ($75,000). *See* Okla. Stat. tit. 12, § 2008(A)(2).

10.     Plaintiff also seeks tort damages for her bad faith claim. Indeed, Plaintiff's Petition includes specific allegations in support of bad faith tort claim that might support an additional award of damages. (*See* Ex. 4, Pet., ¶ 16 (alleging that "State Farm has willfully, intentionally, and unreasonably acted in bad faith by delaying a decision on the Plaintiff's claim, continuing to review the claim, leading Plaintiff to believe the claim may be approved and then by denying Plaintiff benefits under the terms and conditions of the policy for which she paid.").)

11.     Plaintiff also seeks otherwise unspecified compensatory damages for emotional distress and pain and suffering. (Ex. 4, Pet. at 4.)

12.     Plaintiff also seeks punitive damages, which are governed by Okla. Stat. tit. 23, § 9.1. Section 9.1 permits Level I punitive damages in an amount not to exceed the greater of $100,000 or the amount of actual damages awarded where an insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured. *Id.* § 9.1(B). It permits Level II punitive damages in an amount not to exceed the greatest of $500,000, twice the amount of actual damages awarded, or the increased financial benefit derived by the insurer where an insurer intentionally and with malice breaches its duty to deal fairly and in good faith with its insured. *Id.* § 9.1(C).

13.     Finally, Plaintiff seeks an award of attorneys' fees. (Ex. 4, Pet. at 4.)

14.     Thus, if Plaintiff were to recover $10,000 on her contract claim, any amount on her bad faith tort claim, and maximum Level I punitive damages, the amount in controversy would be over $110,000.

15.     Considering Plaintiff's claims together, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332.

## Venue and Notice

16.     Venue is appropriate in this Court, as this Court embraces the district in which the State Court Action was pending.

17.     Written notice of the filing of this Notice of Removal will be given promptly to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Oklahoma County, Oklahoma, as required by 28 U.S.C. § 1446(d).

## Conclusion

18.     This is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332. This action is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

19.     Therefore, under the applicable provisions of 28 U.S.C. §§ 1332, 1441, and 1446, State Farm has complied with all necessary requirements and is entitled to remove this action.

Accordingly, State Farm removes all claims in the State Court Action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

Dated: March 10, 2017                    Respectfully submitted,

/s/ Mia Vahlberg
Mia Vahlberg, OBA No. 20357
Barbara Moschovidis, OBA No. 31161
GableGotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
*mvahlberg@gablelaw.com*
*bmoschovidis@gablelaw.com*

**Counsel for Defendant State Farm Fire
& Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2017, a copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

Cathy C. Barnum
Donald R. Lindauer, II
Barnum & Clinton, PLLC
1011 24th Avenue, Northwest
Norman, Oklahoma 73069

/s/ Mia Vahlberg
Mia Vahlberg