

*1034844423*

CJ-16-5648
Andrews

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CATHERINE BARBER (NOW RANDALL)   )
                                       )
          Plaintiff,           )
                                       )
vs.                                  )
                                       )
STATE FARM FIRE & CASUALTY      )
COMPANY,                           )
a foreign corporation.               )
                                       )
          Defendant.        )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV − 2 2016

Case No.   RICK WARREN
COURT CLERK
34_____

CJ-2016-5648

## PETITION

COMES NOW the Plaintiff, Catherine Barber (Now Randall), by and through her attorneys of record and for her Petition against Defendant, State Farm Fire & Casualty Company (hereafter State Farm), and states as follows:

### JURISDICTIONAL FACTS

1.    At all times pertinent hereto, Plaintiff was a resident of the City of Choctaw, County of Oklahoma, and a citizen of the State of Oklahoma.

2.    Defendant, State Farm, is a foreign corporation licensed to do business within the State of Oklahoma and in fact conducting business within the City of Choctaw, County of Oklahoma, State of Oklahoma.

3.    The contract between Plaintiff and Defendant arose in Oklahoma County, State of Oklahoma, and all damages occurred within Oklahoma County, State of Oklahoma, and Oklahoma County is therefore the correct venue for this action.

4.    On or prior to June 12, 2014, Defendant State Farm issued to Plaintiff a Fire & Casualty insurance policy, No.96-BV-H391-8, and entered into a bona fide insurance contract

1

Exhibit
4

with the Plaintiff including an endorsement for losses resulting from earthquake all as evidenced by a copy of said policy, which is attached hereto as Exhibit "A" and made a part hereof by reference. The policy took effect on June 12, 2014 or earlier, and was in full force and effect at all pertinent times related hereto.

5.      On or prior to December 16, 2014, and subsequently, Plaintiff's insured property located at 11127 East Draper Ave. in Choctaw, Oklahoma, and sustained damage resulting from earthquake. On or about December 16, 2014, Plaintiff filed a claim or claims under the terms of the aforementioned policy for damages sustained to her insured property.

6.      Plaintiff has performed all conditions of the policy required to be performed on her part.

7.      On or about November 5, 2015 Plaintiff was initially notified that Defendant State Farm denied her claim.  Subsequently, Defendant continued to discuss and reconsider the claim with the Plaintiff with a final denial of the claim occurring around September 2016.

8.      As a result of Defendant's actions, Plaintiff suffered actual damages in excess of $10,000.000, including damages for the cost of repairs to her property, loss of use of said property, loss of earnings and wages, and emotional distress due to Defendant's failure to pay the claim under the terms and conditions of the policy.

## I. BREACH OF CONTRACT

9.      Plaintiff incorporates by reference all allegations contained herein in paragraphs 1 through 8, as if fully restated herein.

10.     In failing to honor the terms of the insurance contract for which the Plaintiff has fully paid all required premiums, the Defendant is guilty of breach of insurance contract.

11.     As a result of the breach of said insurance contract Plaintiff has suffered and will continue to suffer damages in the future.

## II. ACTION FOR SPECIFIC PERFORMANCE

12.     Plaintiff incorporates by reference all allegations contained here in paragraphs 1 through 11, as if fully restated herein.

13.     Plaintiff has fully and completely performed all duties and requirements of her under the insurance policy and contract of insurance involved in this matter.

14.     Plaintiff is now entitled to have this Court enter an Order for specific performance, ordering the Defendants to fully and completely comply with the terms and coverage provided for in the insurance contract involved.

## III. BAD FAITH

15.     Plaintiff incorporates by reference all allegations contained here in paragraphs 1 through 14, as if fully restated herein.

16.     Defendant State Farm owes Plaintiff, it's insured, a duty to deal fairly and in good faith.  Defendant State Farm has willfully, intentionally, and unreasonably acted in bad faith by delaying a decision on the Plaintiff's claim, continuing to review the claim, leading Plaintiff to believe the claim may be approved and then by denying Plaintiff benefits under the terms and conditions of the policy for which she paid.

17.     Upon information and belief Plaintiff alleges Defendant State Farm is engaged in a practice and pattern of denying her and other similarly situated policy holders in unreasonably denying them benefits under the terms and conditions of policies for which they paid, e.g., damage caused by earthquakes.

3

18.     Defendant State Farm has recklessly disregarded its duty to deal fairly and in good faith with Plaintiff and upon information and belief did so with intent and malice.

19.     As a result of Defendant State Farm's actions the Plaintiff suffered unnecessary damages and emotional distress for which Plaintiff is entitled to exemplary damages.

**WHEREFORE**, premises considered, Plaintiff prays this Court to enter judgment in her favor and against Defendant State Farm as follows:

a.     For actual damages for cost of repair to her property in excess of $10,000;

b.     For damages due to past and future use of said property and earnings;

c.     For damages due to past and future loss of earnings and wages;

d.     For emotional distress, pain and suffering;

e.     For punitive or exemplary damages;

f.     For interest, costs, and any applicable attorneys fees (by statute or equity); and

g.     For such other and further relief as may be just and proper.

JURY TRIAL DEMANDED.
ATTORNEYS' LIEN CLAIMED.

RESPECTFULLY SUBMITTED,


**CATHY C. BARNUM, OBA #2127**
**DONALD R. LINDAUER, II, OBA #5431**
**BARNUM & CLINTON, PLLC**

1011 24th Ave., N.W.
NORMAN, OKLAHOMA  73069
TELEPHONE: (405) 579-7300
FACSIMILE: (405) 579-0140
EMAIL:  cbarnum@coxinet.net
            dlindauer@coxinet.net
            aclinton@coxinet.net

**ATTORNEYS FOR PLAINTIFF,**
**CATHERINE BARBER (NOW RANDALL)**

4

**State Farm Fire and Casualty Company**
A Stock Company With Home Offices in Bloomington, Illinois

12222 State Farm Boulevard
Tulsa, OK 74146-5402

**DECLARATIONS PAGE**     AMENDED JUN 12 2014

| Policy Number | 96-BV-H391-8 | |
|---|---|---|
| Policy Period | Effective Date | Expiration Date |
| 12 Months | JUN 12 2014 | JUN 12 2015 |

The policy period begins and ends at 12:01 am
standard time at the residence premises.

**Named Insured**

AT1                    I-26-1900-FAD4        R  F
                000045   0046
BARBER, CATHERINE
5811 PEBBLE LN
CHOCTAW OK  73020-9534

# RENTAL DWELLING POLICY- SPECIAL FORM 3

**Automatic Renewal -** If the policy period is shown as 12 months, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

| Location of Premises | Your policy is amended JUN 12 2014 |
|---|---|
| 11127 E DRAPER AVE | DEDUCTIBLES - SECTION I |
| CHOCTAW OK 73020-8239 | ENDORSEMENT FE-8301.1 ADDED |

Named Insured: Individual

| Coverages & Property | Limits of Liability | Inflation Coverage Index: 208.4 |
|---|---|---|
| **Section I** | | **Deductibles - Section I** |
| A  Dwelling | $   153,000 | Basic              $   1,000 |
| Dwelling Extension | $    15,300 | Earthquake  2% |
| B  Personal Property | $     7,650 | |
| C  Loss of Rents | Actual Loss | |
| **Section II** | | |
| L  Business Liability | | In case of other losses under this policy, the deductibles will be |
| (Each Occurrence) | $   300,000 | applied per occurrence and will be deducted from the amount |
| Annual Aggregate | $   600,000 | of the loss. Other deductibles may apply - refer to policy. |
| M  Medical Payments | | |
| (Each Person) | $     1,000 | |

| Forms, Options, & Endorsements | | Endorsement Premium |
|---|---|---|
| Special Form 3 | FP-8103.3 | Increase          $    46.00 |
| *Earthquake Incl Masonry Veneer | FE-8301.1 | |
| Debris Removal Endorsement | FE-7540 | Discount Applied: |
| Fungus (Including Mold) Excl | FE-5722 | Home Alert |
| Mandatory Reporting Endorsement | FE-5801 | |
| Rental Dwelling Endorsement | FE-5610 | |
| Amendatory Endorsement | FE-5236.2 | |
| Actual Cash Value Roof Cov | FE-5624 | |

\* New Form Attached

———————— Other limits and exclusions may apply - refer to your policy ————————

Your policy consists of this page, any endorsements
and the policy form. Please keep these together.

FP-8000C

  0096   1 52  I
20  N          Prepared    JUL 14 2014

GREG S MCILVOY
405-769-4901

555-7020.1  Rev. 10-2002  (o1f/00fs)

**EXHIBIT**
'A'

**CONTINUED FROM FRONT SIDE**

Note: For your protection, the law of your state requires the following to appear on this form: WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

46                                                        (c1g2170b)

96-BV-H391-8   ( 0097) 000048

FE-8301.1
(7/00)

## EARTHQUAKE ENDORSEMENT

Section I:

For an additional premium, we insure for direct loss to property described in Coverages A and B caused by Earthquake or Volcanic Eruption. One or more earthquake shocks that occur within a seventy-two hour period shall constitute a single earthquake.

## DEDUCTIBLES

The Declarations show a deductible percentage (%) which applies separately to the total amount of insurance on your Dwelling - Coverage A shown on the Declarations, separately to the total amount of insurance on Other Structures shown on the Declarations, and separate to the total amount of insurance on Personal Property - Coverage B shown on the Declarations.

## SPECIAL EXCLUSION

We do not cover loss resulting directly or indirectly from flood of any nature or tidal wave, whether caused by, resulting from, contributed to or aggravated by Earthquake or Volcanic Eruption. This coverages does not increase the limits of liability stated in the policy.

All other policy provisions apply.

FE-8301.1
(7/00)

Includes copyrighted material of Insurance Services Office with its permission.
Copyright, Insurance Services Office, 1975.

0097
30

State Farm®
Rental Dwelling
Policy

FP-8103.3



State Farm®

## TABLE OF CONTENTS

### DECLARATIONS
Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

| | Begins on Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **SECTION I - YOUR PROPERTY** | |
| COVERAGES | |
| Coverage A - Dwelling | 2 |
| Coverage B - Personal Property | 2 |
| Coverage C - Loss of Rents | 2 |
| Additional Coverages | 3 |
| Inflation Coverage | 3 |
| LOSSES INSURED | 5 |
| LOSSES NOT INSURED | 5 |
| CONDITIONS | 5 |
| | 7 |
| **SECTION II - YOUR LIABILITY** | |
| COVERAGES | |
| Coverage L - Business Liability | 9 |
| Coverage M - Premises Medical Payments | 9 |
| EXCLUSIONS | 10 |
| ADDITIONAL COVERAGES | 10 |
| CONDITIONS | 13 |
| | 13 |
| **SECTION I AND II - CONDITIONS** | 14 |
| **OPTIONAL PROVISIONS** | 15 |

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.

FP-8103.3
(5/88)

Printed in U.S.A.

# RENTAL DWELLING POLICY - SPECIAL FORM 3

## AGREEMENT

We agree to provide the insurance described in this policy. You agree to pay premiums when due and comply with the provisions of this policy.

## DEFINITIONS

"You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.

Certain words and phrases are defined as follows:

1. "bodily injury" means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person.

2. "contract" means any written contract or agreement wherein the named insured has expressly assumed liability for damages to which this policy applies.

3. "Declarations" means the policy Declarations, any amended Declarations, the most recent renewal notice or certificate, an Evidence of Insurance form, or any endorsement changing any of these.

4. "insured" means:

   a. if the named insured is designated in the Declarations as an individual and is a sole proprietor, the named insured and spouse;

   b. if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof;

   c. if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization, trustees, directors or governors or stockholder thereof while acting within the scope of their duties;

   d. any employee of the named insured while acting within the scope of that employment;

   e. any person or organization while acting as real estate manager for the named insured.

The insurance afforded applies separately to each insured against whom claim is made, or suit is brought, except with respect to the limit of our Company's liability.

This insurance does not apply to bodily injury or personal injury or property damage arising out of the conduct of any partnership or joint venture which is not designated in this policy as a named insured.

5. "insured premises" means:

   a. the residence premises;

   b. one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition;

   c. the ways immediately adjoining on land; and

   d. one or two family dwelling premises alienated by any insured if possession has been given to others.

6. "motor vehicle", when used in Section II of this policy, means:

   a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured premises is not a motor vehicle;

   b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 6.a. is not a motor vehicle;

   c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured premises. A motorized golf cart while used for golfing purposes is not a motor vehicle;

   d. a motorized bicycle, tricycle or similar type of equipment owned by any insured while off an insured premises;

   e. any vehicle while being towed by or carried on a vehicle included in 6.a., 6.b., 6.c., or 6.d.

7. "named insured" means the person or organization named in the Declarations of this policy.

8. "occurrence", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

   a. bodily injury;

   b. property damage; or

   c. personal injury,

   during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.

9. "personal injury" means injury arising out of one or more of the following offenses:

   a. false arrest, detention or imprisonment or malicious prosecution;

   b. libel, slander or defamation of character; or

   c. invasion of privacy, wrongful eviction or wrongful entry.

10. "property damage" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not considered to be property damage.

11. "residence premises" means the one or two family dwelling, other structures, and grounds which is shown in the Declarations.

## SECTION I - COVERAGES

### COVERAGE A - DWELLING

We cover:

1. the dwelling on the residence premises shown in the Declarations used principally as a private residence, including structures attached to the dwelling;

2. materials and supplies located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises;

3. wall-to-wall carpeting attached to the dwelling on the residence premises; and

4. outdoor antennas.

Except as specifically provided in the SECTION I, ADDITIONAL COVERAGES, for Land, we do not cover land or any costs required to replace, rebuild, stabilize or otherwise restore the land.

Dwelling Extension. We cover other structures on the residence premises, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

We do not cover other structures:

1. not permanently attached to or otherwise forming a part of the realty;

2. used in whole or in part for commercial, manufacturing or farming purposes; or

3. rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

### COVERAGE B - PERSONAL PROPERTY

We cover personal property owned or used by any insured which is rented or held for rental with the residence premises or used for the maintenance of the residence premises. This coverage applies only while the personal property is on the residence premises or temporarily off premises for repairs.

Property Not Covered. We do not cover:

1. articles separately described and specifically insured in this or any other insurance;

2. animals, birds or fish;

3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the residence premises and not licensed for use on public highways;

4. watercraft, including motors, equipment and accessories;

5. aircraft and parts;

6. outdoor signs.

## COVERAGE C - LOSS OF RENTS

The limit of liability for Coverage C is the total limit for all the following coverages.

1. Fair Rental Value. If a Loss Insured causes that part of the residence premises rented to others or held for rental by you to become uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the residence premises rented or held for rental is uninhabitable.

2. Prohibited Use. If a civil authority prohibits you from use of the residence premises as a result of direct damage to neighboring premises by a Loss Insured in this policy, we cover any resulting Fair Rental Value for a period not exceeding two weeks during which use is prohibited.

We do not cover loss or expense due to cancellation of a lease or agreement.

## ADDITIONAL COVERAGES

1. Debris Removal. We will pay the reasonable expense incurred by you in the removal of debris of covered property provided coverage is afforded for the peril causing the loss. Debris removal expense is included in the limit of liability applying to the damaged property. When the amount payable for the actual damage to the property plus the expense for debris removal exceeds the limit of liability for the damaged property, an additional 5% of that limit of liability will be available to cover debris removal expense.

2. Reasonable Repairs. We will pay the reasonable cost incurred by you of repairing damage to covered property necessary to protect the property from further damage or loss, provided coverage is afforded for the peril causing the loss. This coverage does not increase the limit of liability applying to the property being repaired.

3. Trees, Shrubs and Other Plants. We cover outdoor trees, shrubs, plants or lawns, on the residence premises, for loss caused by the following Losses Insured: Fire or Lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles not owned or operated by a resident of the residence premises, Vandalism or malicious mischief or Theft. The limit of liability for this coverage shall not exceed 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants and lawns nor more than $500 for any one tree, shrub or plant. This coverage may increase the limit of liability otherwise applicable. We do not cover property grown for business purposes.

4. Fire Department Service Charge. We will pay up to $500 for your liability assumed by contract or agreement for fire department charges incurred when the fire department is called to save or protect covered property from a Loss Insured. No deductible applies to this coverage. This coverage may increase the limit otherwise applicable.

5. Property Removed. Covered property, while being removed from a premises endangered by a Loss Insured, is covered for direct loss from any cause. This coverage also applies to the property for up to 30 days while removed. We will also pay for reasonable expenses incurred by you for the removal and return of the covered property. This coverage does not increase the limit applying to the property being removed.

6. Personal Effects. We will pay up to $500 for loss at the residence premises caused by a Loss Insured to personal effects of others while such property is in your care, custody or control. This coverage is subject to the limitations and exclusions applicable to Coverage B - Personal Property. This coverage is limited to $100 per person and does not increase the limit of liability applying to Coverage B - Personal Property.

7. Burglary. We will pay for loss of personal property owned or used by any insured which is rented or held for rental with this residence premises, when the loss is from a known location within a building on the residence premises when it is probable that the property has been stolen and there is visible evidence of forcible entry to or forcible exit from that building. This coverage does not increase the limit of liability applying to Coverage B - Personal Property.

8. Arson Reward. We will pay $1,000 for information which leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit shall not be increased regardless of the number of persons providing information.

9. Land. We will pay up to $10,000 for the cost required to replace, rebuild, stabilize or otherwise restore the land necessary to support the insured dwelling sustaining a covered loss. This may increase the limit applying to the property.

10. Volcanic Action. We cover direct physical loss to a covered building or covered property contained in a building resulting from the eruption of a volcano when the loss is directly and immediately caused by:

   a. volcanic blast or airborne shock waves;

   b. ash, dust or particulate matter; or

   c. lava flow.

We will also pay for the removal of that ash, dust or particulate matter which has caused direct physical loss to a covered building or covered property contained in a building.

One or more volcanic eruptions that occur within a 72-hour period shall be considered one volcanic eruption.

This coverage does not increase the limits applying to the damaged property.

11. Collapse. We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

   a. fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot or civil commotion, vandalism, leakage from fire extinguishing equipment, volcanic action, falling objects, weight of ice, snow or sleet, water damage, breakage of building glass, all only as insured against in this policy;

   (1) falling objects does not include loss of or damage to:

      (a) personal property in the open; or

      (b) the interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object;

   (2) water damage means accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam;

   b. hidden decay;

   c. hidden insect or vermin damage;

   d. weight of contents, equipment, animals or people;

   e. weight of ice, snow, sleet or rain which collects on a roof; or

   f. use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of construction, remodeling or renovation.

Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b., c., d., e., and f. unless the loss is a direct result of the collapse of a building.

Collapse does not include settling, cracking, shrinking, bulging or expansion.

This coverage does not increase the limit applying to the damaged property.

## INFLATION COVERAGE

The limits of liability shown in the Declarations for Coverages A and B will be increased at the same rate as the increase in the Inflation Coverage Index shown in the Declarations.

To find the limits on a given date:

1. divide the Index on that date by the Index as of the effective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limits of liability for Coverage A and Coverage B separately.

The limits of liability will not be reduced to less than the amounts shown in the Declarations.

If during the term of this policy, the Coverage A limit of liability is changed at your request, the effective date of this Inflation Coverage provision is changed to coincide with the effective date of such change.

## SECTION I - LOSSES INSURED

### COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

## SECTION I - LOSSES NOT INSURED

1. We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

   a. collapse, except as specifically provided in SECTION I, ADDITIONAL COVERAGES for Collapse;

   b. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:

      (1) maintain heat in the building; or

      (2) shut off the water supply and drain the system and appliances of water;

   c. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;

   d. theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied;

   e. theft of any property which is not actually part of any building or structure;

   f. mysterious disappearance;

   g. vandalism and malicious mischief or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;

   h. continuous or repeated seepage or leakage of water or steam from a:

      (1) heating, air conditioning or automatic fire protective sprinkler system;

      (2) household appliance; or

      (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time and results in deterioration, rust, mold, or wet or dry rot. If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

   i. wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

   j. rust, mold, or wet or dry rot;

   k. contamination;

   l. smog, smoke from agricultural smudging or industrial operations;

   m. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

   n. birds, vermin, rodents, insects or domestic animals. We do cover the breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals.

However, we do insure for any ensuing loss from items a. through n. unless the loss is itself a Loss Not Insured by this Section.

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

   a. Ordinance or Law, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

   b. Earth Movement, meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake,

landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I, ADDITIONAL COVERAGES for Volcanic Action.

We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials resulting from earth movement.

   c. Water Damage, meaning:

      (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

      (2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

      (3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

   d. Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

   e. War, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

   f. Nuclear Hazard, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by

the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

   b. defect, weakness, inadequacy, fault or unsoundness in:

      (1) planning, zoning, development, surveying, siting;

      (2) design, specifications, workmanship, construction, grading, compaction;

      (3) materials used in construction or repair; or

      (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the residence premises.

However, we do insure for any ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

## SECTION I - CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we shall not be liable:

   a. to the insured for an amount greater than the insured's interest; nor

   b. for more than the applicable limit of liability.

2. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent, and in case of theft, vandalism, or malicious mischief, also to the police;

   b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with records and documents we request and permit us to make copies; and

      (3) submit to examinations under oath and subscribe the same;

   e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

      (1) the time and cause of loss;

      (2) interest of the insured and all others in the property involved and all encumbrances on the property;

      (3) other insurance which may cover the loss;

      (4) changes in title or occupancy of the property during the term of this policy;

      (5) specifications of any damaged building and detailed estimates for repair of the damage;

      (6) an inventory of damaged personal property described in 2.c.;

      (7) records supporting the fair rental value loss.

3. **Loss Settlement.** Covered property losses are settled as follows:

   a. Personal property and structures that are not buildings at actual cash value, up to the applicable limit of liability, at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;

   b. Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at actual cash value, up to the applicable limit of liability, at the time of loss. We will not pay an amount exceeding that necessary to repair or replace;

   c. Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:

      (1) We will not pay more than the $10,000 limit on Land as provided in **SECTION I, ADDITIONAL COVERAGES.**

      (2) We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

         (a) the limit of liability under this policy applying to the building;

         (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

         (c) the amount actually and necessarily spent to repair or replace the damaged building.

      (3) We will pay the actual cash value of the damage to the buildings, up to the policy limit, until actual repair or replacement is completed.

      (4) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis.

4. **Loss to a Pair or Set.** In case of loss to a pair or se
we may elect to:

   a. repair or replace any part to restore the pair or s
   to its value before the loss; or

   b. pay the difference between actual cash value of th
   property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass cause
by a Loss Insured shall be settled on the basis of r
placement with safety glazing materials when require
by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amou
of loss, either one can demand that the amount of th
loss be set by appraisal. If either makes a written d
mand for appraisal, each shall select a competent, i
dependent appraiser and notify the other of the a
praiser's identity within 20 days of receipt of the wri
ten demand. The two appraisers shall then select
competent, impartial umpire. If the two appraisers a
unable to agree upon an umpire within 15 days, you
we can ask a judge of a court of record in the sta
where the residence premises is located to select a
umpire. The appraisers shall then set the amount of th
loss. If the appraisers submit a written report of a
agreement to us, the amount agreed upon shall be th
amount of the loss. If the appraisers fail to agree withi
a reasonable time, they shall submit their differenc
to the umpire. Written agreement signed by any two
these three shall set the amount of the loss. Each a
praiser shall be paid by the party selecting that a
praiser. Other expenses of the appraisal and the cor
pensation of the umpire shall be paid equally by you an
us.

7. **Other Insurance.** If a loss covered by this policy is als
covered by other insurance, we will pay only the pr
portion of the loss that the limit of liability that applie
under this policy bears to the total amount of insuranc
covering the loss.

8. **Suit Against Us.** No action shall be brought unle
there has been compliance with the policy provisio
and the action is started within one year after the da
of loss or damage.

9. **Our Option.** We may repair or replace any part of th
property damaged or stolen with equivalent propert

Any property we pay for or replace becomes our property.

**10. Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

a. reach agreement with you;

b. there is an entry of a final judgment; or

c. there is a filing of an appraisal award with us.

**11. Abandonment of Property.** We need not accept any property abandoned by any insured.

**12. Mortgagee Clause.** The word "mortgagee" includes trustee.

a. If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

b. If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

(1) notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

(2) pays any premium due under this policy on demand if you have neglected to pay the premium;

(3) submits a signed, sworn statement of loss within 60 days after receiving notice from us of

your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

c. If this policy is cancelled by us, the mortgagee shall be notified at least 10 days before the date cancellation takes effect.

d. If we pay the mortgagee for any loss and deny payment to you:

(1) we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

(2) at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

e. Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

**13. No Benefit to Bailee.** We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy.

**14. Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

## SECTION II - LIABILITY COVERAGES

**COVERAGE L - BUSINESS LIABILITY**

If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage to which this coverage applies, caused by an occurrence, and which arises from the ownership, maintenance, or use of the insured premises, we will:

pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

The total limit of the Company's liability for all occurrences in any one policy year shall not exceed the annual aggregate limit shown in the Declarations for Coverage L - Business Liability.

**COVERAGE M - PREMISES MEDICAL PAYMENTS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury which arises out of a condition on the insured premises or for which the insured is provided bodily injury liability coverage under this policy. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

## SECTION II - EXCLUSIONS

**1. Coverage L - Business Liability and Coverage M - Premises Medical Payments** do not apply to:

a. bodily injury, personal injury, or property damage:

(1) which is either expected or intended by an insured; or

(2) to any person or property which is the result of willful and malicious acts of an insured;

b. bodily injury, personal injury, or property damage arising out of the rendering or failing to render professional services;

c. bodily injury, personal injury, or property damage arising out of the ownership, maintenance, use, loading or unloading of:

(1) aircraft;

(2) any motor vehicle owned or operated by, or rented or loaned to any insured; or

(3) any watercraft owned by or operated by, or rented or loaned to any insured;

d. bodily injury, personal injury, or property damage arising out of:

(1) the entrustment by any insured to any person;

(2) the negligent supervision by any insured of any person;

(3) any liability statutorily imposed on any insured; or

(4) any liability assumed through an unwritten or written agreement by any insured;

with regard to the ownership, maintenance or use of any aircraft, watercraft, or motor vehicle (or any other motorized land conveyance) which is not covered under Section II of this policy;

e. bodily injury, personal injury, or property damage caused directly or indirectly by war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction of seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;

f. bodily injury, personal injury, or property damage arising out of premises, other than the insured premises, or to liability assumed by the insured under any contract or agreement relating to such premises;

g. to bodily injury or property damage for which the insured may be held liable:

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or

(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:

(a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or

(b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or

9

10

which causes or contributes to the intoxication of any person;

but part (b) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;

h. the legal liability of any insured to:

(1) any person who is in the care of any insured because of child care services provided by or at the direction of:

(a) any insured;

(b) any employee of any insured; or

(c) any other person actually or apparently acting on behalf of any insured;

(2) any person who makes a claim because of bodily injury or property damage to any person who is in the care of any insured because of child care services provided by or at the direction of:

(a) any insured;

(b) any employee of any insured; or

(c) any other person actually or apparently acting on behalf of any insured;

i. bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, spill, release or escape of pollutants:

(1) at or from premises owned, rented or occupied by the named insured;

(2) at or from any site or location used by or for the named insured or others for the handling, storage, disposal, processing or treatment of waste;

(3) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the named insured or any person or organization for whom the named insured may be legally responsible; or

(4) at or from any site or location on which the named insured, employee or any contractor or subcontractor working directly or indirectly on behalf of the named insured is performing operations:

(a) if the pollutants are brought on or to the site or location in connection with such operations; or

(b) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Subparagraphs (1) and (4)(a) of this exclusion do not apply to bodily injury or property damage caused by heat, smoke or fumes which result from a hostile fire or poisoning or asphyxiation due to escape of fumes from a furnace or flue because of a malfunction of the furnace or flue.

In addition, Coverage L and Coverage M do not apply to loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

As used in this exclusion:

"hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

"pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

"waste" includes materials to be recycled, reconditioned or reclaimed.

j. bodily injury to an employee of the insured arising out of and in the course of employment by the insured or the spouse, child, parent, brother or sister of that employee as a consequence of employment of that employee by the insured.

This exclusion applies:

(1) whether the insured may be liable as an employer or in any other capacity; and

(2) to any obligation to share damages with or repay someone else who must pay damages because of the injury;

k. bodily injury to you or any insured and if residents of your household:

(1) your relatives;

(2) any other person under the age of 21 who is in the care of an insured.

2. Coverage L - Business Liability, does not apply to:

a. liability:

(1) for your share of any loss assessment charged against all members of an association of property owners; or

(2) assumed under any unwritten contract or agreement, or by contract or agreement in connection with any business of the insured other than the rental of the insured premises;

b. property damage to property owned by any insured;

c. property damage to property rented to, occupied or used by or in the care of the insured;

d. bodily injury or personal injury to any person eligible to receive any benefits required to be provided or voluntarily provided by the insured under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

e. bodily injury, personal injury, or property damage for which any insured under this policy is also an insured under a nuclear energy liability policy or would be an insured but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors;

f. personal injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any insured;

g. personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of the person by the insured;

h. personal injury arising out of any publication or utterance in item b. of the definition of personal injury:

(1) if the first injurious publication or utterance of the same or similar material by or on behalf of the insured was made prior to the effective date of this insurance; or

(2) concerning any business or services made by or at the direction of any insured with knowledge of the falsity;

i. property damage or personal injury to premises you sell, give away or abandon, if the property damage, or personal injury arises out of those premises.

3. Coverage M - Premises Medical Payments does not apply to bodily injury:

a. to any person, eligible to receive any benefits required to be provided or voluntarily provided under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

b. from any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these;

c. to any insured, any tenant or other person regularly residing on the insured premises or to any employees of any of the foregoing if the bodily injury arises out of or in the course of their employment;

d. to any person engaged in maintenance and repair of the insured premises or alteration, demolition or new construction at such premises.

## SECTION II - ADDITIONAL COVERAGES

We cover the following in addition to the limits of liability:

1. Claim Expenses. We pay:

   a. expenses incurred by us and costs taxed against any insured in any suit we defend;

   b. premiums on bonds required in a suit defended by us, but not for bond amounts greater than the limit of liability for Coverage L. We are not obligated to apply for or furnish any bond;

   c. reasonable expenses incurred by any insured at our request, including actual loss of earnings (but not loss of other income) up to $50 per day for assisting

us in the investigation or defense of any claim or suit;

   d. prejudgment interest awarded against the insured on that part of the judgment we pay; and

   e. interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court that part of the judgment which does not exceed the limit of liability that applies.

2. First Aid Expenses. We will pay expenses for first aid to others incurred by any insured for bodily injury covered under this policy. We will not pay for first aid to you or any other insured.

## SECTION II - CONDITIONS

1. Limit of Liability. The Coverage L limit is shown in the Declarations. This is our limit for all damages from each occurrence regardless of the number of insureds, claims made or persons injured.

   The Coverage M limit is shown in the Declarations. This is our limit for all medical expense payable for bodily injury to one person as the result of one accident.

2. Severability of Insurance. This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence.

3. Duties After Loss. In case of an accident or occurrence, the insured shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

   a. give written notice to us or our agent as soon as practicable, which sets forth:

      (1) the identity of this policy and insured;

      (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and

      (3) names and addresses of any claimants and available witnesses;

   b. immediately forward to us every notice, demand, summons or other process relating to the accident or occurrence;

   c. at our request, assist in:

      (1) making settlement;

      (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any insured;

      (3) the conduct of suits and attend hearings and trials;

      (4) securing and giving evidence and obtaining the attendance of witnesses;

   d. the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the bodily injury.

4. Duties of an Injured Person - Coverage M - Premises Medical Payments. The injured person, or, when appropriate, someone acting on behalf of that person, shall:

   a. give us written proof of claim, under oath if required, as soon as practicable;

   b. execute authorization to allow us to obtain copies of medical reports and records; and

   c. submit to physical examination by a physician selected by us when and as often as we reasonably require.

5. Payment of Claim - Coverage M - Premises Medical Payments. Payment under this coverage is not an admission of liability by any insured or us.

6. Suit Against Us. No action shall be brought against us unless there has been compliance with the policy provisions.

   No one shall have any right to join us as a party to any action against any insured. Further, no action with re-

spect to Coverage L shall be brought against us until the obligation of the insured has been determined by final judgment or agreement signed by us.

7. Bankruptcy of any insured. Bankruptcy or insolvency of any insured shall not relieve us of any of our obligations under this policy.

8. Other Insurance - Coverage L - Business Liability. This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I and SECTION II - CONDITIONS

1. Policy Period. This policy applies only to loss under Section I or bodily injury, personal injury, or property damage under Section II which occurs during the period this policy is in effect.

2. Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

3. Liberalization Clause. If we adopt any revision which would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. Waiver or Change of Policy Provisions. A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

5. Cancellation.

   a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to you in writing.

   b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to

you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice:

      (1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.

      (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 10 days before the date cancellation takes effect.

      (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy or if the risk has changed substantially since the policy was issued. We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.

      (4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary by notifying you at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request can-

13                                   FORM 3

14                                   FORM 3

cellation, the return premium will be based on our rules for such cancellation. The return premium may be less than a full pro rata refund. When we cancel, the return premium will be pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Non-Renewal.** We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the Declarations. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any insured may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, any insured shall sign and deliver all related papers and cooperate with us in any reasonable manner.

Subrogation does not apply under Section II to Premises Medical Payments.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:

a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under this policy at the time of death;

b. insured includes with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

11. **Inspection and Audit.** We shall be permitted but not obligated to inspect your property and operations at any time. However, our right to inspect or our actual inspection and report shall not constitute an undertaking on your behalf or for your benefit or the benefit of others to determine or warrant that the property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

We may examine and audit your books and records at any time during the policy period and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

# OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as indicated in the Declarations or Extension Certificate.

**Option AI — Named Additional Insured.** The definition of insured in this policy includes the person or organization named in the Declarations as an additional insured or whose name is on file with us with respect to:

1. Section I: Coverage A — Dwelling;

2. Section II: Coverage L — Business Liability and Coverage M — Premises Medical Payments but only with respect to the residence premises. This coverage does not apply to bodily injury to any employee arising out of or in the course of the employee's employment by the person or organization.

This option applies only with respect to the location shown in the Declarations.

**Option RC — Replacement Cost — Contents.** Under SECTION I — CONDITIONS; items a. and b. of the Loss Settlement Conditions are replaced with the following:

a. (1) Fences and the following personal property at actual cash value a the limit of loss:

(a) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

(b) articles whose age or history contribute substantially to their value including, but

not limited to, memorabilia, souvenirs and collectors items;

(c) property not useful for its intended purpose.

(2) We will not pay:

(a) an amount exceeding that necessary to repair or replace the property; or

(b) an amount in excess of the limit of liability applying to the property.

b. Other personal property, carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings and other structures (except fences) that are not buildings under Dwelling Extension, at the cost of repair or replacement at the time of loss without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amount;

(a) replacement cost at time of loss;

(b) the full cost of repair;

(c) any special limit of liability described in the policy; or

(d) any applicable Coverage A or Coverage B limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an actual cash value basis.

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

*Lynne M. Yousel*
Secretary

*Edmond R. Ralph Jr.*
President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

15

16

FORM 3

FORM 3